LAW OFFICES OF

# PAUL J. SOLDA

ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET, 46TH FLOOR
NEW YORK, NEW YORK 10165

(212) 967-3393

ADMITTED IN:
NEW YORK
PENNSYLVANIA
CONNECTICUT
WASHINGTON, D.C.

ps@soldalaw.com

November 10, 2021

Hon. Kevin N. Fox
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: <u>YERSIKA M GUTIERREZ DE MUNOZ v. 2501 WEBSTER RESTAURANT CORP., ET. AL. (Index No. 1:20-cv- 03817 GBD/KNF)</u>

Dear Judge Fox:

     This office represents the interests of the Defendants, 2501 Webster Restaurant Corporation ("Webster"), Michelle Izaguirre, Yvette Izaguirre and O. Romero. We write to offer an explanation for the inaction on this case and the failure to file a JPTO. We also write to request an enlargement of time to file same, if it truly becomes necessary to do so. [1]

     By way of background, Plaintiff interposed claims under the FLSA, NYLL and NYCRR (alleged failure to pay over time compensation and violation of minimum wage standards), involving one individual who was employed within a restaurant business located in the Bronx, NY. It is submitted that the damages would be limited, even if liability were to be established - given that Plaintiff served as a waitress for just less than one year. Notwithstanding, Defendant denies Plaintiff's claims and maintains that it is a case worthy only of nominal damages.[2]

---

[1] Back in July (2021), the parties were earnestly discussing settlement (and were only $7500 apart). Over the past few months, however, Plaintiff's firm inexplicably became unresponsive – so no settlement was finalized.

[2] It is significant that during the tenure of plaintiff's employment, another federal lawsuit alleging FLSA violations, was in process against Webster Restaurant (entitled <u>AURA CAMILO ET. AL. v. PARRILLA LATINA, 2501 WEBSTER RESTAURANT CORP., ET.AL. (SDNY 18-cv-09163)</u>. This is noteworthy because due notice was posted and all non-managerial employees were provided federal opt in notices to said lawsuit. Plaintiff, though employed then, did not choose to opt in to that lawsuit. Those claims were thereafter settled at mediation (held November/December, 2019), for a value of approximately $5,250.00 per putative class members (totaling 5).
    With that said, Defendant believes that there would be no other employees who might otherwise join this current suit and as such – the

  To that end, the parties avoided discovery following mediation held February, 2021 ( i.e. no depositions have been taken). Indeed, at our last two conferences (held March 16, 2021 and July 22, 2021) the parties discussed settlement before the Court.³ The initial attorneys for the plaintiff, headed by Clifford Tucker, Esq., passed the matter on to another attorney this summer – James McCartney, Esq. Mr. McCartney stated that he too was not interested in undertaking discovery and agreed settlement was best. Notably, I telephoned him several times both before labor day and again at the end of September - but without any response.⁴ Last week, another attorney entered the mix (Brian Robinson, Esq. of " Faillace & Associates") and I renewed settlement discussions with him.

  For the record, Defendant verily believed that this matter was going to be settled and as such took no further action. On Monday, Mr. Robinson and I conferred and I again urged that plaintiff revisit our settlement offer with a view to closing this case as we had originally anticipated. As of this writing, Plaintiff has not responded and as such it appears we will require additional time.⁵ I am hopeful, therefore, that the Court can grant some latitude and provide several additional weeks to file said JPTO and/or schedule a conference.

  Thank you for your time and courtesies.

            Yours truly,

            *Paul J. Solda*
            Paul J. Solda

cc: Faillace & Associates (via ECF)

---

Plaintiff here would be well served in settling. That was notably the consensus we shared with plaintiff's counsel following mediation.

³ Back in July/August, Defendant offered $5000 and the plaintiff countered with $12,500. An agreement was almost certain, but the Faillace law firm disappeared.

⁴ It has now become obvious that Plaintiff's law firm, Faillace & Associates, is in serious turmoil - which explains why their office did not finalize settlement nor request any extensions here.

⁵ It is noteworthy that from this point (through next week), my office will have no ability to prepare a JPTO. Of course, with the absence of plaintiff's counsel, this undertaking would be impossible anyhow.